IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WASHINGTON MUTUAL BANK,

                Plaintiff,                Case No. 3:07 CV 2197

-vs-

                                        <u>MEMORANDUM OPINION</u>

TIMOTHY J. MCCUE, et al.,

                Defendant.

KATZ, J.

       This matter is before the Court on the motion (Doc. 64) of the Plaintiff, the Federal Deposit Insurance Corporation (FDIC), as Receiver for Washington Mutual Bank, to dismiss the counterclaim filed by Defendants Timothy J. McCue and Arlene J. McCue (collectively, "the Defendant"), and to strike their affirmative defenses. Defendant has not filed a response, despite being granted an extension of time in which to do so. The Plaintiff's motion will be granted as to the counterclaim and denied as to the affirmative defenses.

       In July 2007, Washington Mutual initiated this case, seeking judgment against Defendant on a promissory note as well as foreclosure on their property. In response, Defendant filed a Counterclaim alleging that Washington Mutual: (1) was negligent in keeping an accurate accounting of the loan payments; and, (2) slandered Defendant's credit. On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the FDIC as Receiver for Washington Mutual.

       The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") establishes a mandatory administrative claims process for resolving claims against failed financial institutions. With respect to litigation against a financial institution placed in receivership, "compliance with the FIRREA claims process is a strict jurisdictional pre-requisite to initiating or

maintaining a claim in . . . court against the Receiver or the receivership." *Maher v. FDIC*, 441 F.3d 522, 525 (7th Cir. 2006). In the present case, it is not disputed that Defendant filed his administrative claim after the deadline of April 27, 2009, even though his counsel was notified of the deadline by letter . (Doc. 64, Exh. B, at 2). As a result, the claim was automatically disallowed as untimely filed under 12 U.S.C. §1821(d)(5)(c)(i). Therefore, this Court no longer has jurisdiction over Defendant's counterclaim, and the same is dismissed. See *IndyMac Bank, F.S.B. v. MacPherson*, --- F.Supp.2d ----, 2009 WL 4289945 at *2-*3 (E.D.N.Y. Dec. 1, 2009).

Plaintiff also asks this Court to strike the Defendant's affirmative defenses. This request is not well taken, because affirmative defenses are not "claims" that must be submitted to the administrative process under FIRREA. See *IndyMac*, 2009 WL 4289945 at *2.

Therefore, the Plaintiff's motion (Doc. 64) is granted in part, and the Defendant's counterclaim is dismissed.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE